## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THOMAS P. JOHNSON, III** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil No. PJM 07-671** |
| | * | |
| **SECRETARY OF THE U.S.** | * | |
| **DEPARTMENT OF EDUCATION,** | * | |
| **MARGARET SPELLINGS,** | * | |
| | * | |
| **Defendant** | * | |

### OPINION

Plaintiff Thomas P. Johnson, III has sued Defendant Margaret Spellings, Secretary of the U.S. Department of Education, requesting declaratory judgment with respect to the status and amount owed on his student loans.  He initially alleged that his loans had been paid in full; subsequently he has admitted that he has a balance due, but that Defendant has erred in applying at least one payment and two federal tax refunds offsets to his indebtedness.  Defendant has filed a Motion to Dismiss, or alternatively, for Summary Judgment, which Plaintiff opposes.

Having considered the parties' briefs and supplemental submissions, the Court **GRANTS** Defendant's Motion for Summary Judgment as to the status and amount of the loans and the Motion to Dismiss as to all other of Johnson's claims.

### I.

Johnson attended Merrimack College in North Andover, Massachusetts from 1979 through January 1981, taking out a total of $4,000 in student loans.  From 1983 through 1985, he attended Ohio Northern University Law Center, taking out five loans totaling 13,400.  Finally,

during the fall of 1984 he attended the University of Dayton School of Law where he took out a total of $5,500 in student loans. Since then, all the loans Johnson obtained while at Merrimack College, as well as two of the loans amounting to $2,500 while he attended Ohio Northern University, have been repaid in full. The five remaining loans are claimed to be in default and have been assigned to Defendant for collection.

Since the assignment of four of Johnson's loans to Defendant in 1993, he has made no voluntary payments; instead, Defendant has collected on the loans through the Treasury Offset Program ("TOP"), pursuant to which the U.S. Department of Treasury may withhold all or a portion of any income tax refund due the debtor. 31 U.S.C. § 3716. Between May 1997 and May 2008, by means of TOP offsets, the Department of Education applied eleven payments totaling $36,558.74 to the Johnson loans. As of June 17, 2008, the balance owed on those loans was $10,247.90 ($10,205.03 in principal and $42.87 in interest). This amount includes the original principal of the loans on which Johnson is said to have defaulted, capitalized interest on those loans that accrued prior to the loans being assigned to Defendant, and accumulated penalties.

Because Johnson had made no voluntary payments in the three years immediately prior, the Department of Education on August 29, 2006 sent Johnson a notice of proposed offset under TOP. Johnson was provided with a form requiring him to request one of three options: a review based on written records, an in-person hearing, or a telephone hearing. For some reason, Johnson indicated on the form that he wished to pursue all three. Additionally, he failed to satisfy the requirements for obtaining an in-person hearing, which included the submission of documentation explaining why such a hearing was necessary. On October 20, 2006, without

having held either an in-person or telephonic hearing but based on a written review of the written records, Defendant issued its decision holding that the balance it initially determined was due on the loans was correct, and thus collectable through offsets.

This suit followed.  In his Complaint, Johnson asks for: (a) a declaration that his student loan debt has been repaid and that any further offsets should be terminated; (b) a declaration that his due process rights have been violated, in consequence of which the Court should order that he receive an in-person hearing before the Department of Education; (c) injunctive relief requiring the Secretary of the Department of Education to affirmatively notify credit agencies and repair his credit history; and (d) ancillary relief associated with the costs of bringing this lawsuit.

The Court held a hearing on February 13, 2008, and deferred judgment on Defendant's Motions until the parties could submit additional information relating to the loans.  Since then, Johnson has acknowledged that his remaining five loans are not paid in full, but still claims that a check he submitted in 1997 and two tax offsets in 1989 and 1990 were not properly credited to his account.

## II.

The Department of Education argues that the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 is not a basis for federal subject matter jurisdiction inasmuch this Act is "remedial only."  *Volvo GM Heavy Truck Corp. v. United States Dep't of Labor*, 118 F.3d 205, 210 (4th Cir. 1997).  Defendant further submits that the United States may only be sued where it has waived sovereign immunity, which it has not done in the Declaratory Judgments Act.  *Brown v. Schlossberg*, 90 B.R. 142, 143 (D. Md. 1988); *see also Reiblich v. United States*, 727 F.2d 1103,

1103 (4th Cir. 1984) (per curiam).  Further, says Defendant, even if Johnson's Complaint is construed as seeking relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 500 *et seq.*, his claims remain subject to dismissal because unrefuted documentary evidence conclusively supports Defendant's determination in this regard.  Defendant notes that its records and those of the National Student Loan Database are 100% consistent and confirm that Johnson has failed to repay his *last* five loans, i.e. those received while attending Ohio Northern and Dayton.  In contrast, says Defendant, the evidence of payment provided by Johnson relate to his *first* five loans, which Defendant concedes have been fully paid, but which is irrelevant to the present suit.

Defendant denies that Johnson had an unqualified right to an in-person hearing, particularly given his confusing response on the form provided for him to request such a hearing as well as his failure to supply reasons why an in-person hearing was necessary.  Nor can Johnson demonstrate, says Defendant, that the Department's review of the written records was inadequate.  In sum, Defendant maintains that Johnson has no due process claim.  Last, Defendant submits that Johnson's claim for injunctive relief must be dismissed because sovereign immunity precludes such relief.  While Defendant acknowledges the APA provides for a limited waiver of sovereign immunity for the review of agency determinations, the Higher Education Act of 1965, 20 U.S.C. §§ 1001 *et seq.*, expressly prohibits suits seeking injunctive relief against the Secretary of Education.  20 U.S.C. § 1082(a)(2).

Johnson argues that issues of fact remain as to how much he owes on the loans.  He also submits that his funds were taken in a way that violates the Fifth Amendment.  In effect, he suggests that Defendant's failure to contact him to inquire whether he preferred a hearing as

-4-

opposed to a mere review of written documents was arbitrary and capricious. Johnson acknowledges, however, that he is not entitled to injunctive relief under the Higher Education Act. In his supplemental response, Johnson also concedes that his debt has not been fully paid and agrees with the amount calculated by Defendant, but continues to insist that one check payment in 1997 and two IRS TOP offsets in 1989 and 1990 were never applied in his favor.

**III.**

**A.**      A motion to dismiss under Federal Rule of Civil Procedure 12(b) (1) "raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When a governmental entity is sued and Congress has not waived sovereign immunity for the claim, sovereign immunity deprives the court of jurisdiction to hear the case. *See Global Mail Ltd. v. United States Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In its determination, the court must consider all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v.*

-5-

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The court, however, need not accept conclusory factual allegations devoid of any reference to actual event, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007).

**B.**     Under Federal Rule of Civil Procedure 56, a court will enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607 (D. Md. 2003). Nevertheless, "'[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 410 (D. Md. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A district court has an "affirmative obligation . . . to prevent 'factually unsupported

claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323).

## IV.

The Court agrees that Johnson's claims must either be dismissed or suffer summary judgment.

Johnson's request for declaratory relief pursuant to 28 U.S.C. § 2201 must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b) (1). The Declaratory Judgments Act does not establish federal subject jurisdiction, *Volvo GM Heavy Truck Corp. v. United States Dep't of Labor*, 118 F.3d 205, 210 (4th Cir. 1997), nor does it waive sovereign immunity. *Brown v. Schlossberg*, 90 B.R. 142, 143 (D. Md. 1988); *see also Reiblich v. United States*, 727 F.2d 1103, 1103 (4th Cir. 1984) (per curiam).

Insofar as Johnson seeks relief under the Administrative Procedures Act ("APA"), which provides for review of final agency actions under certain circumstances, summary judgment in favor of Defendant is in order. Under the APA, a court's inquiry into the propriety of an agency decision is limited to whether the agency's determination was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence," or "unwarranted by the facts." 5 U.S.C. § 706(2) (A), (E), (F). The burden is on the plaintiff to produce evidence that the agency's determination was of such a nature. *See Fort Sumter Tours v. Babbitt*, 66 F.3d 1324, 1336 (4th Cir. 1995).

In this case, officials at the Department of Education checked their records against those of the National Student Loan Database to confirm the status of Johnson's loans. Indeed, Johnson concedes in his supplement that Defendant correctly calculated the amount he owed, albeit he

maintains that one payment made by him and two tax refund offsets were not properly credited to his account.   Johnson's allegations as to these payments, however, are not borne out by the evidence.   Defendant has provided a detailed accounting on the *last* five of Johnson's loans, listing each of the Treasury offsets.   Johnson's evidence, in contrast, consists of paperwork pertaining to his *first* five loans, all of which the parties concede were fully paid, but nothing about the *last* five loans.   In sum, Johnson has failed to raise any genuine issue of fact as to loans Defendant seeks to collect.   *See Mackenzie Med. Supply v. Leavitt*, 419 F. Supp. 2d 766, 773 (D. Md. 2006) ("Substantial evidence is evidence that a reasonable person would accept as adequate to support a finding.").   In other words, Defendant's determination of the amount of Johnson's debt was not "arbitrary," "capricious," "unsupported by substantial evidence" or "unwarranted by the facts."   Summary judgment with respect to the status and amount of Johnson's loans will be entered in Defendant's favor.

All of Johnson's other claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).   He has raised no colorable due process issue if only because in this very lawsuit, he has received a full hearing and accounting.   But, apart from that, Johnson's failure to request a hearing in accordance with the simple and straightforward request form provided at the time of the proposed TOP offsets precludes any argument here that he was "denied" a hearing. Defendant had no obligation to contact Johnson and ask him to clarify his confusing responses on the request form.   Proceeding on the written record alone constituted no abuse of discretion.

As stated earlier, Johnson concedes that he cannot obtain injunctive relief against Defendant.

Finally, Johnson prays for an award of costs and fees.  Inasmuch as his primary claims are lacking in merit, he is not entitled to any such award.  *See* Fed. R. Civ. P. 54(d).

## V.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment as to the status of Johnson's loans and **GRANTS** Defendant's Motion to Dismiss all other of Johnson's claims.

A separate order WILL ISSUE.


_____/s/_____
**PETER J. MESSITTE**
**July 11, 2008**                    **UNITED STATES DISTRICT JUDGE**